IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NESPRESSO USA, INC., ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 16-194-GMS |
| ETHICAL COFFEE COMPANY SA, ) | |
| Defendant – Counterclaim Plaintiff. ) | |
| ETHICAL COFFEE COMPANY SA and ETHICAL COFFEE CORPORATION, ) | |
| Counterclaim Plaintiffs, ) | |
| v. ) | |
| NESPRESSO USA, INC., NESTLÉ NESPRESSO SA, ) | |
| Counterclaim Defendants. ) | |

**MEMORANDUM**

**I.    INTRODUCTION**

On December 21, 2015, Nespresso USA filed a complaint against Ethical Coffee Company SA ("ECC") requesting declaratory judgment that Nespresso USA does not infringe ECC's U.S. Patent No. 9,113,746 (the "'746 Patent"). (D.I. 1 ¶ 30–31). On April 18, 2016, ECC answered the complaint, and counterclaimed that Nespresso USA, Nestlé Nespresso SA (collectively, "Nespresso"), Nestlé SA, and Nestec SA infringe the '746 Patent, violate the Sherman Act, conduct unfair competition, and commit unjust enrichment. (D.I. 24 ¶ 1–3). On September 7, 2016, the court dismissed ECC's unfair competition and unjust enrichment claims. (D.I. 64). On July 13, 2017, the court dismissed Nestlé SA and Nestec SA from the case for lack of personal

jurisdiction. (D.I. 108). Currently pending before the court are ECC's two motions to amend its answer and counterclaims: (1) ECC's Motion for Leave to Amend its Answer and Counterclaims, filed on September 20, 2016, (D.I. 72); and (2) ECC's Motion for Leave to Amend its Answer and Amended Counterclaims, filed on February 1, 2017. (D.I. 94). Nespresso opposes both motions. For the reasons that follow, the court will grant ECC's September 20, 2017 motion to amend, (D.I. 72), and grant in part and deny in part ECC's February 1, 2017 motion to amend. (D.I. 94).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

ECC originally asserted five counterclaims: (1) direct patent infringement of U.S. Patent No. 9,113,746 ("the '746 patent") against Nespresso; (2) induced patent infringement of the '746 patent; (3) monopolization under Section 2 of the Sherman Act; (4) attempted monopolization under Section 2 of the Sherman Act; (5) unfair competition under Delaware common law; and (6) unjust enrichment under Delaware common law. (D.I. 24 at 19–27). By its pending September 20, 2016 motion to amend, ECC seeks to add facts to bolster its previously dismissed unfair competition claim. (D.I. 72-1). The court dismissed ECC's unfair competition counterclaim because "ECC failed to allege any factual support for its contention that negotiations were advanced or that a business relationship was reasonably probable." (D.I. 64 at n.1).

The pending February 1, 2017 motion to amend—which was filed on the deadline to amend the pleadings—seeks to drop the patent infringement allegations, and add additional facts to the monopolization, attempted monopolization, and unfair competition claims. (D.I. 95-1). Essentially, ECC's amendments add further factual support to its contentions that Nespresso modified its capsule housing in 2010 and 2013 for the purpose of excluding ECC from the Nespresso machine-compatible espresso capsule market. *Id.* ECC contends that the capsule housing redesign, along with alleged sham litigation in Europe, deprived ECC of business opportunities in the United States and precluded ECC's ability to launch its capsules in the United

States. *Id.* ¶¶ 49–76, 96–106, 112–138, 152–165. That motion to amend also adds a false advertising claim under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). *Id.* ¶ 139–152. To support its false advertising claim, ECC alleges that Nespresso promoted a study on its website that mislead consumers about the environmental impact of Nespresso capsules. *Id.* ¶¶ 30–39, 77–89). ECC also maintains that Nespresso made statements in its instruction manuals that misled consumers regarding the compatibility of non-Nespresso espresso capsules with Nespresso machines. *Id.*

### III. STANDARD OF REVIEW

The court is to "freely give leave" to parties to amend their pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). Such equitable considerations include the existence or absence of "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

An amendment will be futile if it could not survive a motion to dismiss. *Enzo Life Scis., Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 489 (D. Del. 2003). "To determine whether a proposed amendment is futile, the Court applies the standards for a Rule 12(b)(6) motion to dismiss and must decide whether, accepting all the well-pleaded facts of the proposed amendments as true, the party states a claim upon which relief can be granted." *Lynch v. Coinmaster USA, Inc.*, 2007 WL 39433, at *2 (D. Del. 2007).

### IV. DISCUSSION

ECC asks the court to grant it leave to amend its Answer and Counterclaims to forego litigation on the patent claims, add further facts to support its antitrust claims, and add a violation under the Lanham Act. ECC contends that amending its Answer and Counterclaim would not

3

produce undue delay, be the product of bad faith, result in undue prejudice to the Plaintiffs, nor would it be futile. Nespresso's entire argument focuses on the futility of ECC's amendments.

For the reasons that follow, the court grants ECC's September 20, 2016 motion to amend its answer and counterclaims. The court also grants in part and denies in part ECC's February 1, 2017 motion to amend its answer and counterclaims.

### A. ECC's September 20, 2017 Motion to Amend its Answer and Counterclaims

ECC's September 20, 2017 motion adds facts to support its previously dismissed unfair competition claim. Nespresso argues that because the court did not expressly dismiss ECC's state law unfair competition claim without prejudice, ECC's motion to amend is procedurally improper. (D.I. 80 at 4). The court acknowledges that there exists case law in this Circuit stating that claims dismissed under Rule 12(b)(6) are presumed to be dismissed with prejudice, unless the court states otherwise. *Ball v. Famiglio*, 726 F.3d 448, 460 n.17 (3d Cir. 2013), *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759 (2015). Regardless, the court exercises its discretion to grant ECC leave to amend its unfair competition counterclaim. It was implied in the court's September 7, 2016 order that ECC could cure its pleading deficiencies by adding further factual support for its contention that it was in advanced negotiations with a large U.S. coffee company. *See* (D.I. 62 at 2 n.1). ECC did just that.

Further, ECC's amendments to its state law unfair competition claim are not futile. Delaware's Court of Chancery has explained that "[t]he essential element separating unfair competition from legitimate market participation . . . is an unfair action on the part of the defendant by which he prevents plaintiff from legitimately earning revenue." *EDIX Media Grp., Inc. v. Mahani*, No. CIV.A. 2186-N, 2006 WL 3742595, at *11 (Del. Ch. Dec. 12, 2006). While the type of conduct actionable under unfair competition law has been labeled as "notoriously undefined," *State ex rel. Brady v. Wellington Homes, Inc.*, No. CIV.A.99C-09-168-JTV, 2003 WL 22048231,

4

at *1 (Del. Super. Ct. Aug. 20, 2003), the court finds that ECC has alleged enough facts to raise a right to relief above the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Specifically, ECC alleges that it had a reasonable expectancy of entering into a business relationship with Starbucks, as evidenced by Starbucks' executives' visit to ECC's factory, discussions between company executives, and execution of a Mutual Confidentiality and Non-Disclosure Agreement. (D.I. 72-1 ¶ 50–51). ECC contends that Nespresso wrongfully interfered with that expected business relationship when it added barbed hooks to its capsule housing for the sole purpose of excluding ECC's biodegradable capsules from the market. *Id.* ¶ 95. Starbucks terminated its relationship and the mutual NDA with ECC due to Nespresso's predatory redesign. *Id.* ¶ 96–98. Because the court must accept those facts as true and draw reasonable inferences in ECC's favor, the court finds that ECC adequately pled its unfair competition claim. Accordingly, the court grants ECC's September 20, 2017 motion for leave to amend its unfair competition counterclaim.

### B. ECC's February 1, 2017 Motion for Leave to Amend its Answer and Counterclaims

By its February 1, 2017 motion, ECC seeks leave to further amend its Answer and Counterclaims. Nespresso contests ECC's amendments to the counterclaims for monopolization, attempted monopolization, and unfair competition. Nespresso argues that additions to the factual scenarios supporting each claim would be futile. The court disagrees that amendments to the unfair competition or the antitrust claims would be futile. The court agrees, however, that the addition of the Lanham Act claim would be futile.

The court previously denied Nespresso's motion to dismiss ECC's monopolization and attempted monopolization counterclaims. For that reason, the court finds that adding further factual support to those claims cannot be futile. While the court acknowledges that there may be a scenario where a party adds allegations that actually detract from the plausibility of their claim,

5

that is not the situation here. By its motion in opposition to ECC's motion to amend, Nespresso essentially asks the court to decide the merits of ECC's claims. To determine whether amendments to the pleadings are futile, the court need only consider whether ECC states a claim upon which relief can be granted. Because the additional facts that ECC seeks to add to its monopolization and attempted monopolization counterclaims serve only to make those claims more plausible on their face, the court grants ECC's motion to amend as it relates to those claims. For similar reasons, the court also grants ECC's motion to amend as it relates to the unfair competition counterclaim. Because the court granted ECC's earlier motion to amend the unfair competition counterclaim, *see supra* Part IV.A—and those previous amendments succeeded in making the unfair competition claim plausible on its face—the court finds that additional amendments to the claim are not futile.

Nespresso also contests the addition of ECC's Lanham Act claim. Count III of ECC's proposed amended Answer and Counterclaims alleges that Nespresso used false and misleading statements in commercial advertising that did or were likely to deceive a substantial portion of consumers. (D.I. 95-2 ¶ 139–52). Nespresso argues that addition of the Lanham Act claim is futile because it would not survive a motion to dismiss. For the reasons that follow, the court agrees.[1]

ECC lacks standing to pursue a false advertising claim under the Lanham Act, despite its arguments to the contrary. Standing under the Lanham Act requires that a plaintiff: (1) allege an injury that falls within the zone of interests protected by the Lanham Act—an injury to a commercial interest in reputation or sales; and (2) allege that the "economic or reputational injury

---

[1] The court assumes without deciding that the relevant statements here constitute commercial advertisements. The court wishes to note, however, it seems at least plausible that statements in a user manual, statements in a study, and statements in educational materials may not fall within the meaning of "commercial advertisement" under the Lanham Act. *See Synthes, Inc. v. Emerge Med., Inc.*, No. CIV.A. 11-1566, 2012 WL 4205476, at *31 (E.D. Pa. Sept. 19, 2012) (noting that neither the Lanham Act nor the Third Circuit has explicitly defined the phrase "commercial advertising or promotion," but "'the touchstone of whether a defendant's actions may be considered 'commercial advertising or promotion' under the Lanham Act is that the contested representations are part of an organized campaign to penetrate the relevant market.") (quoting *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48, 57 (2d Cir. 2002)).

flow[] directly from the deception wrought by the defendant's advertising," which occurs "when deception of consumers causes them to withhold trade from the plaintiff." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1391 (2014).

ECC alleged that it "has been and will continue to be injured by, *inter alia*, lost sales, loss of business opportunities, and loss of goodwill among the coffee consuming public." (D.I. 195-1 ¶ 151). While such injuries fall within the zone of interests protected by the Lanham Act, Nespresso argues that there is no causal connection between ECC's lost sales or loss of goodwill and any Nespresso advertisement.

ECC contends that Nespresso's website promotes a study showing that "when it comes to environmental impact, aluminum capsules that are recycled after use are the optimal way to make an espresso coffee in a Nespresso Machine, among all options currently available." *Id.* ¶ 88, n.34.[2] ECC's amended Answer and Counterclaims include statements by a Nespresso sustainability team member, recognizing that "the vast majority of . . . current Club Members expect [Nespresso] to be very environmentally and socially responsible, and nearly one quarter already states [sic] sustainability as the principal drive of their decision-making." (D.I. 95-1 ¶ 34, n.18). In essence, ECC asks the court to create the entire causal chain linking ECC's injuries to consumer confusion based solely on the allegation that Nespresso's website promotes a purportedly misleading study and on Nespresso's recognition that its customers are environmentally conscious. ECC states that "[t]he very fact that Nespresso dominates the market despite its abysmal environmental record

---

[2] The court can properly consider documents or statements from documents incorporated into the Complaint by reference. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

7

demonstrates that its false media campaign is working." (D.I. 95 at 11). That is attorney argument, however, lacking support in ECC's pleadings.

Instead, ECC's amended pleadings provide support for the fact that ECC's business relationships and its ability to enter the U.S. market were negatively impacted by Nespresso's allegedly predatory redesign, not its false or misleading advertising. (D.I. 95-1 ¶¶ 59, 65, 68, 109). ECC's amended pleadings even admit that ECC had to stop selling its capsules through Amazon in the United States "because of consumer complaints about the compatibility of Ethical capsules with Nespresso's machines." (D.I. 95-1 ¶ 111). While ECC alleges that its injury can be attributed to *both* the redesign and the allegedly false advertising, there must be some facts in the pleadings that serve as links in the chain of inferences necessary to establish proximate cause under the Lanham Act. *See Lexmark*, 134 S. Ct. 1377, 1394 (2014) (explaining that the defendants had Lanham Act standing because they established a causal chain capable of linking the defendants injuries to consumer confusion). There are simply no facts pled that plausibly allege a link between ECC's lost sales or goodwill and Nespresso's statements about the environmental impact of its capsules.

ECC also fails to plead facts connecting ECC's injuries to Nespresso's allegedly misleading statements about non-Nespresso espresso capsule compatibility with Nespresso machines. ECC alleges in its amended pleadings that Nespresso misled customers by informing them that using non-Nespresso capsules will negatively impact the functioning and lifetime of their Nespresso machine. ECC's amended pleadings quote Nespresso's instruction manual that comes with the Inissia Nespresso Machine: "Only the use of Nespresso capsules will guarantee the proper functioning and lifetime of your Nespresso machine." (D.I. 95-1 ¶ 79, n.26). The Nespresso instruction manual also includes the statement: "Water could flow around a capsule when not perforated by the blades and damage the appliance." *Id.* ECC alleges that allowing

8

water to flow around the capsule does not damage the appliance, and, in fact, it frees the capsule locked into the barbed hooks of the capsule housing. *Id.* ¶ 80. Again, the amended pleadings are devoid of facts that link Nespresso's allegedly false statements to ECC's injuries. ECC's amended pleadings explain that because of the Nespresso's redesign, ECC's capsules would get stuck in the Nespresso machine. *Id.* The missing link in the causal chain is that customers would have overlooked incompatibility issues between the ECC capsules and the Nespresso machine had Nespresso not misled them about lasting damage to the machine with the use of non-Nespresso capsules. The amended pleadings lack any allegations that would support such a proposition. For this reason, the court finds that ECC does not have standing to pursue a Lanham Act claim. The court must therefore deny ECC's motion to amend as it relates to the Lanham Act claim because adding such a claim would be futile.

V.   **CONCLUSION**

For the foregoing reasons, the court grants ECC's September 20, 2016 motion to amend its answer and counterclaims, and grants in part and denies in part ECC's February 1, 2017 motion to amend its answer and counterclaims.

July \_\_\_\_\_, 2017                              _____
                                                UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NESPRESSO USA, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 16-194-GMS |
| ETHICAL COFFEE COMPANY SA, | ) |
| Defendant – Counterclaim Plaintiff. | ) |
| ETHICAL COFFEE COMPANY SA and ETHICAL COFFEE CORPORATION, Counterclaim Plaintiffs, | ) |
| v. | ) |
| NESPRESSO USA, INC., NESTLÉ NESPRESSO SA, | ) |
| Counterclaim Defendants. | ) |

## **ORDER**

At Wilmington, this ____ day of July 2017, consistent with the court's Memorandum of the same date; IT IS HEREBY ORDERED that:

1. The Counterclaim Plaintiff's Motion for Leave to Amend its Answer and Counterclaims (D.I. 72) is GRANTED.

2. The Counterclaim Plaintiff's February 1, 2017 Motion for Leave Motion for Leave to Amend its Answer and Amended Counterclaims (D.I. 94) is GRANTED IN PART and DENIED IN PART;

_____
UNITED STATES DISTRICT COURT JUDGE